HELLER BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HELLER TOOL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9073, 9072.   Promulgated January 16, 1928.

*Luther F. Speer, Esq.,* and *Fred A. Woodis, Esq.,* for the petitioners.
*J. Harry Byrne, Esq.,* for the respondent.

OPINION.

PHILLIPS: It is contended that the petitioners are affiliated corporations within section 240 of the Revenue Act of 1918 and entitled to file a consolidated return. That section provides that "corporations shall be deemed affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests." Here one-third of the stock of the Heller Tool Co. was owned by Lyons, who owned none of the common stock of the Heller Brothers Co. The principal contention is that Heller Brothers Co. controlled the output and sales of the Tool Company to the extent that its stock was also under the control of the former company. .

The record shows some intercompany transactions. It also shows that the entire output of the Tool Company was sold on commission by the Heller Brothers Co. Apparently the arrangement was satisfactory to the stockholders of both companies, for the testimony discloses that Lyons had no disagreement with the majority stockholders or they with him. It does not appear that either controlled the other nor does it appear that the sales arrangement with Heller Brothers Co. was more important to the Tool Company than the supply of tools was to the selling company. By eliminating the name on their dies, the Tool Company was equipped to manufacture their product for any purchaser. The record does show that Heller Brothers Co. controlled the board of directors and consequently they were in a position to control the activities of the Tool Company, so long as there was no interference with the rights of the minority stockholder. But this is far from a control of his stock and stock control is the test laid down by the statute. We conclude that the two companies are not affiliated.

In determining profit or loss from the sale of the Verona Avenue property, the cost of the 30-foot strip conveyed to Heller Brothers Co. should be added to the cost determined by the Commissioner.

The Commissioner determined depreciation and invested capital of Heller Brothers Co. upon the basis of the values of the assets on its books on July 31, 1916. In computing depreciation on the Verona Avenue stores, for purposes of determining gain or loss on the sale of those stores, he departed from that basis and used as a basis the cost of the property at the date when Heller Brothers Co. acquired it. We must approve the action of the Commissioner since there is no evidence of the March 1, 1913, value of the stores.

It is conceded that the Commissioner made a clerical error, overstating the net income of the Heller Tool Company by $8,340.84.

*Decision will be entered accordingly upon 20 days' notice, under Rule 50.*